UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00011-GNS

TAMATHA D. ISOM                                                                                    PLAINTIFF

v.

BEN ROTHMEL et al.                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's unspecified motion (DN 4) and Defendants' Motion to Dismiss (DN 13). The motions are ripe for adjudication.

## I.   BACKGROUND

This action arises from the termination of the employment of Plaintiff Tamatha D. Isom ("Isom") by Defendant Trinity Services Group, Inc. ("TSG"). (Compl. 2, DN 1; Pl.'s Resp. Defs. Mot. Dismiss Attach. 4, at 1-2, DN 14-5; Defs.' Mem. Supp. Mot. Dismiss 1 nn.1-2, DN 13-1). On September 19, 2024, Isom filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on age, race, and sex, and retaliation under, *inter alia*, Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). (Pl.'s Resp. Defs. Mot. Dismiss Attach. 4, at 1-2). On October 3, 2024, the EEOC issued a right-to-sue letter. (Compl. Ex., at 1-2, DN 1-2).

Isom then filed this action[1] against Defendants TSG, TKC Holdings, Trinity Food Services, and Ben Rothmel ("Rothmel") (collectively, "Defendants"), asserting claims for

---

[1] While this action was not docketed until January 7, 2025, Isom's efforts to file this lawsuit on January 2, 2025, were improperly impeded by a member of the clerk's office staff, and this action is deemed filed as of January 2, 2025. (Order 1-2, DN 12).

1

violations of Title VII and the ADEA. (Compl. 2-4; Additional Compl. Form 2-5, DN 1-1). Plaintiff has filed a motion, and Defendants have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331.

## III.     DISCUSSION

### A.     Plaintiff's Motion

In Isom's motion, she does not ask for any specific form of relief. Rather, she reiterates various allegations in support of her claims in this action. (Pl.'s Mot., DN 4). Besides being in writing, a motion must "state with particularity the grounds for seeking the order; and [] state the relief sought." Fed. R. Civ. P. 7(b)(1)(B)-(C). Because Isom's filing does not ask for any specific relief, it is not a proper motion and therefore is denied.

### B.     Defendants' Motion to Dismiss

Defendants moved to dismiss the Complaint on various grounds. To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss, a court must "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of*

*Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (alteration in original) (internal quotation marks omitted) (internal citation omitted) (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court has instructed courts to review *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," but this does not mean a court should fill in absent arguments or create claims on a *pro se* plaintiff's behalf, thus becoming an advocate for the party. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of *pro se* complaints are not, however, without limits. [*Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978),] directs district courts to construe *pro se* complaints liberally. It does not require those courts to conjure up questions never squarely presented to them. District judges are not mind readers.").

1. *Timeliness*

Defendants' initial argument challenges the timeliness of the filing of this action. (Defs.' Mem. Supp. Mot. Dismiss 2-3). Both Title VII and the ADEA require a plaintiff must file a lawsuit within ninety days of receipt of the EEOC's right-to-sue letter. *See Jackson v. Trinity Health Mich.*, No. 23-2099, 2024 WL 5245014, at *2 (6th Cir. Sept. 4, 2024) (citing 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1); *Thompson v. Fresh Prods., LLC*, 985 F.3d 509, 521 (6th Cir. 2021); *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998)).

On April 3, 2025, the Court entered an order deeming this lawsuit as being filed effective as a January 2, 2025. (Order, DN 12). The ninety-day period would have expired on January 1,

2025, which was a federal holiday. Pursuant to Fed. R. Civ. P. 7, January 2, 2025, would have been the last day for Isom to file this action. *See* Fed. R. Civ. P. 7(a)(1)(C). Because this action was deemed filed as of January 2, 2025, the lawsuit is indeed timely, and the motion to dismiss is denied on this basis.[2]

### 2. *Individual Defendant*

Defendants also seek dismissal of claims Isom has asserted against Rothmel under Title VII and the ADEA. (Defs.' Mem. Supp. Mot. Dismiss 3-4). It is well-established that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Similarly, a plaintiff does not have an ADEA claim against an individual. *See Burrell v. Henderson*, 483 F. Supp. 2d 595, 600 (S.D. Ohio 2007) (citation omitted). Accordingly, Isom has failed to state a claim under either federal law against Rothmel, and the motion is granted on this basis.

### 3. *Sufficiency of EEOC Charge*

Finally, Defendants argue that Isom failed to exhaust her administrative remedies by failing to identify TKC or Rothmel in her EEOC charge. (Defs.' Mem. Supp. Mot. Dismiss 4-5). "[A] party must be *named* in the EEOC charge before that party may be sued under Title VII 'unless there is a clear identity of interest between the unnamed party and a party named in the EEOC charge.'" *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987) (quoting *Jones v. Truck Drivers Loc. Union 299*, 748 F.2d 1083, 1086 (6th Cir. 1984)).

---

[2] In their reply, Defendants again raised this issue but failed to acknowledge this Court's order deeming this action timely filed as of January 2, 2025, due to circumstances outside of Isom's control. (Defs.' Reply Mot. Dismiss 2, DN 15; Order 1-2, DN 12).

The Sixth Circuit has adopted two tests for determining whether the identity of interest exception applies. *See Lockhart v. Holiday Inn Express Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013) (citing *Alexander v. Loc. 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 411 (6th Cir. 1999); *Szoke v. United Parcel Serv. of Am., Inc.*, 398 F. App'x 145, 153-54 (6th Cir. 2010)). Under either test, "a 'clear identity of interest' implies that the named and unnamed parties are virtual alter egos." *Knafel v. Pepsi-Cola Bottlers of Akron, Inc.*, 899 F.2d 1473, 1481 (6th Cir. 1990).

Under the first test, "an identity of interest exists when the unnamed party possesses sufficient notice of the claim to participate in voluntary conciliation proceedings." *Alexander*, 177 F.3d at 411. The Sixth Circuit has required that the unnamed party have actual notice of the claim. *See Szoke*, 398 F. App'x at 154; *see, e.g.*, *Alexander*, 177 F.3d at 412 (finding the test satisfied when a local union official against whom plaintiff filed discrimination charges informed the national union and forwarded copies of the charges). "Mere notice of the EEOC investigation . . . is insufficient to satisfy the test." *Szoke*, 398 F. App'x at 154 (quoting *Weatherspoon v. N. Oakland Gen. Hosp.*, No. 04-40184, 2006 EL 126615, at *3 (E.D. Mich. Jan. 17, 2006)). The purpose of this test is to ensure the unnamed party had the opportunity to settle the claim voluntarily. *See Eggleston*, 657 F.2d at 905.

In this case, there is nothing in the record to indicate that any Defendant except for TSG had sufficient notice to allow it to participate in the EEOC voluntary conciliation process. Thus, under this test, the exception does not apply.

Under the second test, a court looks to four factors to determine the relationship between the named and unnamed parties:

> (1)    Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

5

> (2) Whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
> (3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;
> (4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Lockhart*, 531 F. App'x at 547 (alteration in original) (quoting *Romain*, 836 F.2d at 246).

As to the first factor, the record is devoid of anything to suggest that the unnamed party could not have been reasonably ascertained when Isom filed the EEOC charge. Similarly, there is no argument indicating that the interests of the named party in the EEOC charge are so similar to the unnamed parties now named in this lawsuit. It is likewise not apparent that the unnamed parties were somehow prejudiced, and Defendants have not made such an argument. Finally, there is nothing to support the fourth factor. Overall, these factors do not support the application of the identity of interest exception under the second test.

For these reasons, Isom has failed to exhaust her administrative remedies as to TKC Holdings, Trinity Food Services, and Rothmel. The motion is granted on this basis.

    **4.**    ***Proper Defendant***

In both their memorandum in support and their reply, Defendants raise an issue of a misnamed party. (Defs.' Mem. Supp. Mot. Dismiss 1 n.1; Defs.' Reply Mot. Dismiss 1 n.1). In particular, they assert that Trinity Food Services does not exist, and the name of the legal entity is Trinity Services Group, Inc. (Defs.' Mem. Supp. Mot. Dismiss 1 n.1; Defs.' Reply Mot. Dismiss 1 n.1). Consistent with how Defendants have characterized these claims, the Court will construe the claims as being asserted against TSG.

Case 3:25-cv-00011-GNS  Document 17  Filed 04/30/25  Page 7 of 7 PageID #: 111

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion (DN 4) is **DENIED**.

2. Defendants' Motion to Dismiss (DN 13) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims against TKC Holdings, Trinity Food Services, and Ben Rothmel are **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to exhaust administrative remedies. Plaintiff's claims against Trinity Services Group, Inc. remain.

Greg N. Stivers, Chief Judge
United States District Court

April 29, 2025

cc: counsel of record
    Plaintiff, *pro se*

7